UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTANA CREDIT OPPORTUNITIES FUND SPC, ALTANA CREDIT OPPORTUNITIES FUND 1 SP, and ALTANA FUNDS LTD. CAYMAN,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 1:23-cv-07217<br><br>**COMPLAINT** |

Plaintiffs Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman, for their complaint against the Bolivarian Republic of Venezuela ("Venezuela"), allege as follows:

## NATURE OF THE ACTION

1. This is a breach-of-contract action arising out of Venezuela's failure to pay principal, interest, or other scheduled payments, on a series of bonds (collectively, the "Bonds") and oil-indexed payment obligations (collectively, the "Oil Obligations") pursuant to which Plaintiffs, an investment company, its fund, and its investment adviser and manager, beneficially hold obligations with a stated principal amount as shown in Schedule 1 (Exhibit A) and Schedule 2 (Exhibit B).

2. Venezuela issued the Bonds and Oil Obligations and sold them to investors under certain "fiscal agency agreements," which it executed in 1990 (the "1990 FAA"), 1997 (the "1997 FAA"), 1998 (the "1998 FAA"), and 2001 (the "2001 FAA") (collectively, "the FAAs"). In the FAAs, Bonds, and Oil Obligations themselves, Venezuela unconditionally promised to make regularly scheduled payments.

3. Venezuela failed to do so, defaulting on its payment obligations.

4. Specifically, beginning in October 2017, Venezuela failed to make required payments on the Bonds and Oil Obligations as those payments became due. Venezuela failed to make any required semi-annual interest payments on the Bonds since October 2017. Venezuela has also failed to pay the principal in full as required on the Bonds that have since matured, including through acceleration. Additionally, Venezuela has failed to make any required scheduled payments on the Oil Obligations since October 2017.

5. Thus, as this Court has concluded in related cases, including a prior related case for the same Plaintiffs here, Venezuela has breached its contractual obligations and judgment should be entered for Plaintiffs. *See* Default Judgment, *Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, No. 20-cv-8402, Dkt. 76 (S.D.N.Y. July 19, 2023) (Torres, J.) (granting default judgment on plaintiffs' breach-of-contract claims); *Casa Express Corp. v. Bolivarian Republic of Venezuela*, 2020 WL 5817282, at *1 (S.D.N.Y. Sept. 30, 2020) (Torres, J.) (denying Venezuela's motion for stay and granting plaintiffs' motion for summary judgment on breach-of-contract claims); *Contrarian Capital Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, 2020 WL 5849013, at *1 (S.D.N.Y. Oct. 1, 2020) (Torres, J.) (same).

## PARTIES

6. Altana Credit Opportunities Fund SPC ("ACOF SPC") is an exempted company incorporated in the Cayman Islands, with its principal place of business in the Cayman Islands.

7. Altana Credit Opportunities Fund 1 SP ("ACOF 1 SP") is a segregated portfolio of ACOF SPC, incorporated in the Cayman Islands, with its principal place of business in the Cayman Islands.

8. ACOF 1 SP, and ACOF SPC as its parent company, are beneficial owners of the Bonds and the Oil Obligations.

9. Altana Funds Ltd. Cayman ("Altana") is a company incorporated in the Cayman Islands, with its principal place of business in the Cayman Islands.

10. Altana acts as investment adviser and manager for ACOF SPC, and its fund, ACOF 1 SP, and receives payment for that work. Altana does not beneficially hold the Bonds and Oil Obligations but brings this suit to recover the due and unpaid principal, interest, and scheduled payments on the Bonds and Oil Obligations to which ACOF SPC and ACOF 1 SP are entitled.

11. Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under 28 U.S.C. § 1330 and 28 U.S.C. § 1605 because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity.

13. Venezuela has explicitly and unconditionally waived sovereign immunity in the FAAs, the Bonds, and the Oil Obligations for actions arising out of the FAAs, the Bonds or any coupon appertaining thereto, and the Oil Obligations. Venezuela is therefore not entitled to immunity under 28 U.S.C. §§ 1605-07, as there is an express exception to sovereign immunity where the foreign state has waived its immunity, *id.* at § 1605(a)(1).

14. Venezuela also is not entitled to sovereign immunity because its debt-related conduct constitutes commercial activity in the United States within the express exception to immunity for commercial activities under 28 U.S.C. § 1605(a)(2). Venezuela marketed the Bonds and the Oil Obligations in the United States, offered them for sale in the United States,

3

allowed them to be traded in the United States, promised to make payments on them in the United States, directed the actions of its fiscal agents located in the United States, and failed to make payments of principal and interest in the United States, thus engaging in commercial activity in the United States.  Venezuela's commercial activities elsewhere also caused direct effects in the United States, including its failure to pay principal and interest and related damages from Venezuela's breach of its payment obligations on the Bonds and Oil Obligations.

15.  Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process regarding any proceeding in the State of New York related to the Bonds.  For any proceeding in the State of New York related to the Oil Obligations, Venezuela appointed C.T. Corporation System, which at the time of execution of the Oil Obligations was located at 1633 Broadway, New York, New York 10019, as its authorized agent for service of process.

16.  Venue is proper because Venezuela consented to and irrevocably waived any objection to venue in this District.  Venue is also proper under 28 U.S.C. § 1391(f)(1) because a substantial part of the events and omissions giving rise to this claim arose in this District.  Moreover, Venezuela waived any defense that this Court would be an inconvenient forum for this action.

## FACTUAL ALLEGATIONS

### A.  The FAAs, Obligations, And Offering Documents

17.  The 1990 FAA is a contract entered into as of December 18, 1990 among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank as fiscal agent.  The 1990 FAA is governed by the laws of the State of New

York without regard to conflicts of laws principles (other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela).

18. The 1997 FAA is a contract entered into as of September 3, 1997 among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank as fiscal agent. The 1997 FAA is governed by the laws of the State of New York without regard to conflicts of laws principles (other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela).

19. The 1998 FAA is a contract entered into as of August 6, 1998 among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank, as fiscal agent. The parties to the 1998 FAA amended that contract in amendments dated January 14, 2004 and September 29, 2004. The 1998 FAA, as amended, is governed by the laws of the State of New York without regard to conflicts of laws principles (other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela).

20. The 2001 FAA is a contract entered into among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents. The parties to the 2001 FAA amended that contract with three amendments entered into as of September 19, 2003, March 21, 2005, and December 17, 2007. The 2001 FAA, as amended, is governed by the laws of the State of New York without regard to conflicts of laws principles (other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela).

21. Venezuela issued the Bonds and Oil Obligations under the 1990 FAA, 1997 FAA, the 1998 FAA, or the 2001 FAA.

22. The principal amount, interest rate, maturity, payment calculations and schedules, and other terms are set forth in the Bonds and Oil Obligations.

23. Certain terms are also summarized in the respective Bond and Oil Obligations offering documents.

24. In the respective FAAs, Venezuela pledged its full faith and credit for the due and punctual payment of all Bonds and Oil Obligations issued under those agreements.

### B. Venezuela's Non-Payment On The Bonds

25. Beginning in October 2017, Venezuela failed to make required semi-annual interest payments on the Bonds.

26. Since October 2017, Venezuela has not made any of the required semi-annual interest payments on the Bonds.

27. Since October 2017, Venezuela has failed to pay the entire principal amount on the Bonds that have matured, including through acceleration.

28. On information and belief, on December 6, 2018, a group of creditors holding 25% or more in aggregate outstanding principal amount of the 9.375% 2034 Bonds accelerated those bonds, rendering immediately due and payable the full amount of all unpaid principal and interest.

29. Under the terms of the Bonds, coupon interest continues to accrue whether or not their maturity date has passed.

30. Venezuela's failure to pay principal, interest, or both, currently owing on the Bonds has continued for more than 30 days. As a result, an event of default exists under the Bonds' terms.

31.     On August 15, 2023, Plaintiffs sent to Venezuela, by written notices to the respective fiscal agents identified in the Bonds, a demand for the payment of the overdue and unpaid principal and interest described above.

32.     On August 15, 2023, Plaintiffs also sent the same demand to representatives of Nicolás Maduro.

33.     Plaintiffs have performed all obligations they may have under the FAAs or any Bonds issued thereunder.

34.     As the beneficial owners of an interest in principal in each of the Bonds, Plaintiffs have claims for damages, in no event less than the contractually required interest payments and repayment of principal.

35.     In the event Venezuela continues to fail to make required semi-annual interest payments or principal payments on the Bonds after the filing of this complaint, the claims for damages here encompass those missed payments as well.

36.     The Bonds require Venezuela to pay all of Plaintiffs' reasonable and documented out-of-pocket expenses, including reasonable counsel fees and court costs, incurred in connection with any "reasonable investigation of any such Event of Default or the enforcement of the Securities."  Accordingly, in addition to the damages above, Venezuela owes Plaintiffs their costs and attorneys' fees for preparing and bringing this action.

### C.  Venezuela's Non-Payment On The Oil Obligations

37.     Beginning in October 2017, Venezuela failed to make required scheduled payments on the Oil Obligations.

38.     Since October 2017, Venezuela has failed to make required scheduled payments on the Oil Obligations.

39. Under the terms of the Oil Obligations, interest accrues on the amounts of scheduled payments that are not paid when due.

40. On August 15, 2023, Plaintiffs sent to Venezuela, by written notices to the respective fiscal agents identified in the Oil Obligations, a demand for the payment of the overdue and unpaid scheduled payments described above.

41. On August 15, 2023, Plaintiffs also sent the same demand to representatives of Nicolás Maduro.

42. Plaintiffs have performed all obligations they may have under the FAAs or any Oil Obligations issued thereunder.

43. As the beneficial owners of the Oil Obligations, Plaintiffs have claims for damages, in no event less than the required scheduled payments and interest on overdue payments that has accrued.

44. In the event Venezuela continues to fail to make the required scheduled payments and interest payments after the filing of this complaint, the claims for damages here encompass those missed payments as well.

## COUNT 1

**BREACH OF CONTRACT ON THE 13.625% 2018 BONDS**

45. All foregoing paragraphs are incorporated by reference herein.

46. The 13.625% 2018 Bonds are valid and enforceable promissory notes executed by Venezuela.

47. Plaintiffs have performed all obligations they may have under the 1998 FAA and the 13.625% 2018 Bonds.

48. Venezuela failed to make required interest payments due to Plaintiffs on the 13.625% 2018 Bonds.

49. Venezuela failed to pay Plaintiffs the entire principal amount of the 13.625% 2018 Bonds.

50. Venezuela therefore owes Plaintiffs the entire principal amount of their 13.625% 2018 Bonds, plus accrued interest, prejudgment interest, and post-judgment interest.

## COUNT 2

### BREACH OF CONTRACT ON THE 7.00% 2018 BONDS

51. All foregoing paragraphs are incorporated by reference herein.

52. The 7.00% 2018 Bonds are valid and enforceable promissory notes executed by Venezuela.

53. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 7.00% 2018 Bonds.

54. Venezuela failed to make required interest payments due to Plaintiffs on the 7.00% 2018 Bonds.

55. Venezuela failed to pay Plaintiffs the entire principal amount of the 7.00% 2018 Bonds.

56. Venezuela therefore owes Plaintiffs the entire principal amount of their 7.00% 2018 Bonds, plus accrued interest, prejudgment interest, and post-judgment interest.

## COUNT 3

### BREACH OF CONTRACT ON THE 7.75% 2019 BONDS

57. All foregoing paragraphs are incorporated by reference herein.

58. The 7.75% 2019 Bonds are valid and enforceable promissory notes executed by Venezuela.

59. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 7.75% 2019 Bonds.

60. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 7.75% 2019 Bonds.

61. Venezuela failed to pay Plaintiffs the entire principal amount of the 7.75% 2019 Bonds.

62. Venezuela therefore owes Plaintiffs the entire principal amount of their 7.75% 2019 Bonds, plus accrued interest, prejudgment interest, and post-judgment interest.

## COUNT 4

### BREACH OF CONTRACT ON THE 6.00% 2020 BONDS

63. All foregoing paragraphs are incorporated by reference herein.

64. The 6.00% 2020 Bonds are valid and enforceable promissory notes executed by Venezuela.

65. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 6.00% 2020 Bonds.

66. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 6.00% 2020 Bonds.

67. Venezuela failed to pay Plaintiffs the entire principal amount of their 6.00% 2020 Bonds.

68. Venezuela therefore owes Plaintiffs the entire principal amount of their 6.00% 2020 Bonds, plus accrued interest, prejudgment interest, and post-judgment interest.

## COUNT 5

### BREACH OF CONTRACT ON THE 12.75% 2022 BONDS

69. All foregoing paragraphs are incorporated by reference herein.

70. The 12.75% 2022 Bonds are valid and enforceable promissory notes executed by Venezuela.

71. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 12.75% 2022 Bonds.

72. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 12.75% 2022 Bonds.

73. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 12.75% 2022 Bonds, plus prejudgment and post-judgment interest.

## COUNT 6

### BREACH OF CONTRACT ON THE 9.00% 2023 BONDS

74. All foregoing paragraphs are incorporated by reference herein.

75. The 9.00% 2023 Bonds are valid and enforceable promissory notes executed by Venezuela.

76. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 9.00% 2023 Bonds.

77. Venezuela failed to make required interest payments due to Plaintiffs on the 9.00% 2023 Bonds.

78. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 9.00% 2023 Bonds, plus prejudgment and post-judgment interest.

## COUNT 7

### BREACH OF CONTRACT ON THE 8.25% 2024 BONDS

79. All foregoing paragraphs are incorporated by reference herein.

80. The 8.25% 2024 Bonds are valid and enforceable promissory notes executed by Venezuela.

81. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 8.25% 2024 Bonds.

82. Venezuela failed to make required interest payments due to Plaintiffs on the 8.25% 2024 Bonds.

83. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 8.25% 2024 Bonds, plus prejudgment and post-judgment interest.

## COUNT 8

### BREACH OF CONTRACT ON THE 11.75% 2026 BONDS

84. All foregoing paragraphs are incorporated by reference herein.

85. The 11.75% 2026 Bonds are valid and enforceable promissory notes executed by Venezuela.

86. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 11.75% 2026 Bonds.

87. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 11.75% 2026 Bonds.

88. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 11.75% 2026 Bonds, plus prejudgment and post-judgment interest.

## COUNT 9

### BREACH OF CONTRACT ON THE 9.25% 2027 BONDS

89. All foregoing paragraphs are incorporated by reference herein.

90. The 9.25% 2027 Bonds are valid and enforceable promissory notes executed by Venezuela.

91. Plaintiffs have performed all obligations they may have under the 1997 FAA and the 9.25% 2027 Bonds.

92. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 9.25% 2027 Bonds.

93. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 9.25% 2027 Bonds, plus prejudgment and post-judgment interest.

## COUNT 10

### BREACH OF CONTRACT ON THE 9.25% 2028 BONDS

94. All foregoing paragraphs are incorporated by reference herein.

95. The 9.25% 2028 Bonds are valid and enforceable promissory notes executed by Venezuela.

96. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 9.25% 2028 Bonds.

97. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 9.25% 2028 Bonds.

98. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 9.25% 2028 Bonds, plus prejudgment and post-judgment interest.

## COUNT 11

### BREACH OF CONTRACT ON THE 11.95% 2031 BONDS

99. All foregoing paragraphs are incorporated by reference herein.

100. The 11.95% 2031 Bonds are valid and enforceable promissory notes executed by Venezuela.

101. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 11.95% 2031 Bonds.

102. Venezuela failed to make required interest payments due to Plaintiffs on the 11.95% 2031 Bonds.

103. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 11.95% 2031 Bonds, plus prejudgment and post-judgment interest.

## COUNT 12

### BREACH OF CONTRACT ON THE 9.375% 2034 BONDS

104. All foregoing paragraphs are incorporated by reference herein.

105. The 9.375% 2034 Bonds are valid and enforceable promissory notes executed by Venezuela.

106. Plaintiffs have performed all obligations they may have under the 1998 FAA and the 9.375% 2034 Bonds.

107. Venezuela failed to make required interest payments due to Plaintiffs on the 9.375% 2034 Bonds.

108. Venezuela failed to pay Plaintiffs the entire principal amount of the 9.375% 2034 Bonds, which, on information and belief, were accelerated on December 6, 2018.

109. Venezuela therefore owes Plaintiffs the entire principal amount of their 9.375% 2034 Bonds, plus accrued unpaid interest, prejudgment interest, and post-judgment interest.

## COUNT 13

### BREACH OF CONTRACT ON THE 7.00% 2038 BONDS

110. All foregoing paragraphs are incorporated by reference herein.

111. The 7.00% 2038 Bonds are valid and enforceable promissory notes executed by Venezuela.

112. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 7.00% 2038 Bonds.

113. Venezuela failed to make required interest payments due to Plaintiffs on the 7.00% 2038 Bonds.

114.  Venezuela failed to pay Plaintiffs the entire principal amount of the 7.00% 2038 Bonds.

115.  Venezuela therefore owes Plaintiffs the entire principal amount of their 7.00% 2038 Bonds, plus prejudgment interest and post-judgment interest.

## COUNT 14

### BREACH OF CONTRACT ON THE OIL OBLIGATIONS

116.  All foregoing paragraphs are incorporated by reference herein.

117.  The Oil Obligations are valid and enforceable contractual obligations executed by Venezuela.

118.  Plaintiffs have performed all obligations they may have under the 1990 FAA and the Oil Obligations.

119.  Venezuela failed to make required scheduled payments due to Plaintiffs on the Oil Obligations.

120.  Venezuela failed to pay Plaintiffs the interest that accrues on the amounts of scheduled payments that are not paid when due.

121.  Venezuela therefore owes Plaintiffs the amounts of the overdue scheduled payments, plus accrued interest, prejudgment interest, and post-judgment interest.

## PRAYER FOR RELIEF

Plaintiffs respectfully requests that the Court enter judgment in its favor and against Venezuela as follows:

A.  Declaring that the 1990 FAA, the 1997 FAA, the 1998 FAA, the 2001 FAA, and each Bond and Oil Obligation is an enforceable, valid, and unconditional obligation owed by Venezuela;

B.     Declaring that Venezuela has breached the 1990 FAA, the 1997 FAA, the 1998 FAA, the 2001 FAA, and the terms of each of the Bonds and Oil Obligations, by failing to pay Plaintiffs the contractually required interest payments, repayment of principal, and scheduled payments and accrued interest;

C.     Awarding damages to Plaintiffs in an amount to be proven, but in no event less than the contractually required interest payments, repayment of principal, and scheduled payments and accrued interest;

D.     Awarding Plaintiffs their fees and costs, including attorneys' fees, as permitted by law;

E.     Awarding Plaintiffs prejudgment and post-judgment interest; and

F.     Awarding Plaintiffs other and further relief as the Court deems just and equitable.

August 15, 2023                                   Respectfully submitted.

                                          /s/ David W. Bowker
                                          DAVID W. BOWKER
                                          WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                          2100 Pennsylvania Avenue NW
                                          Washington, DC 20037
                                          (202) 663-6558
                                          david.bowker@wilmerhale.com
                                          *Counsel for Plaintiffs*