WilmerHale

David W. Bowker

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

August 29, 2023

**By ECF and Email**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007
Torres_NYSDChambers@nysd.uscourts.gov

> Re:  *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*, No. 1:23-cv-07217 [rel. 1:20-cv-8402-AT]

Dear Judge Torres,

On behalf of our clients—Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman (collectively, "Plaintiffs")—I respectfully submit this pre-motion letter under Rules I.B and III.A of your Honor's Individual Practices.  As set forth below, Plaintiffs seek entry of an order authorizing service of the summons and complaint on the Bolivarian Republic of Venezuela ("Venezuela") via diplomatic channels under 28 U.S.C. § 1608(a)(4)—which, according to Venezuela, is the "only method" of service currently available for the bonds at issue in this case.  For service under Section 1608(a)(4), the Foreign Mailing Instructions of the Clerk of this Court direct parties to present a letter of request to the Clerk.  *See* Clerk's Office, *Foreign Mailing Instructions*, at 12.  But Plaintiffs respectfully submit this pre-motion letter to the Court first, in an abundance of caution, to ensure service is properly effected under the Foreign Sovereign Immunities Act of 1976 ("FSIA").

**1. Background.**  Plaintiffs are beneficial owners of a series of bonds (collectively, the "Bonds") and oil-indexed payment obligations (collectively, the "Oil Obligations") issued by

WILMERHALE

The Honorable Analisa Torres
August 29, 2023
Page 2

Venezuela.  *See, e.g.*, Compl. ¶ 1, Dkt. 1.  As Your Honor is aware from related cases, Venezuela has failed since October 2017 to pay owed principal on bonds that have matured, and has also failed to pay owed interest in accordance with the bonds' terms.  *See, e.g.*, *Altana Credit Opportunities Fund SPC v. Bolivarian Republic of Venezuela*, 2023 WL 5051884, at *1 (S.D.N.Y. July 5, 2023) (Torres, J.).  Plaintiffs filed their complaint in this action on August 15, 2023, asserting claims for breach of contract with respect to the owed principal and interest payments.  Plaintiffs also previously filed a similar and related case against Venezuela.  *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-8402-AT (S.D.N.Y. Oct. 8, 2020) ("*Altana I*"), Dkt. 1.  The Court issued a default judgment in that case on July 19, 2023.  *Altana I*, Dkt. 76.

As Your Honor also knows, there have been important political developments in Venezuela that have caused the U.S. government to make certain political determinations that are binding on U.S. courts.  Under the Trump Administration, the United States announced that it would not recognize Nicolás Maduro as President of Venezuela and instead recognized then-National Assembly President Juan Guaidó as the "Interim President of Venezuela."  The White House, *Statements and Releases:  Statement from President Donald J. Trump Recognizing Venezuelan National Assembly President Juan Guaido as the Interim President of Venezuela* (Jan. 23, 2019).[1]  As this Court held at the time, "[t]he United States government recognizes Juan Guaidó as the legitimate president of Venezuela," and "[t]hat determination is binding on this

---

[1]     *Available at* https://www.whitehouse.gov/briefings-statements/statement-president-donald-j-trump-recognizing-venezuelan-national-assembly-president-juan-guaido-interim-president-venezuela/.

WILMERHALE

The Honorable Analisa Torres
August 29, 2023
Page 3

Court." *Contrarian Capital Mgmt., L.L.C.*, 2020 WL 5849013, at *2. Since then, the Venezuelan National Assembly has removed Guaidó from office and dissolved his government, and, as of the date of this letter, the United States "recognize[s] the democratically elected 2015 National Assembly as the last remaining democratic institution in Venezuela." U.S. Dep't of State, *Venezuela's Interim Government and the 2015 National Assembly* (Jan. 3, 2023).[2]

**2. Argument.** The FSIA provides at 28 U.S.C. § 1608(a) the exclusive rules for service of process on a foreign state like Venezuela. Under the FSIA, a plaintiff must "'attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on.'" *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012).

As to the Bonds at issue here, Venezuela has stated—expressly and unequivocally—that three of the four possible methods of service under the FSIA are unavailable and that "[t]he *only* method of service currently available against the Republic is set forth in § 1608(a)(4), which allows for service through diplomatic channels." Memorandum in Support of Motion to Vacate Certificate of Default & Dismiss for Lack of Personal Jurisdiction at 17, *Lovati et al. v. Bolivarian Republic of Venezuela*, No. 19-cv-4796-ALC (S.D.N.Y. Mar. 13, 2020), Dkt. 44 (emphasis added) (hereafter "Venezuela *Lovati* Br."). As explained below, all the other methods, as set forth in Sections 1608(a)(1)-(3), are unavailable.

*First*, while the Bonds at issue do contain a "special arrangement," 28 U.S.C. § 1608(a)(1)—for service on Venezuela by bondholders, allowing for service on the Consulate

---

[2] *Available at* https://www.state.gov/venezuelas-interim-government-and-the-2015-national-assembly/.

WILMERHALE

The Honorable Analisa Torres
August 29, 2023
Page 4

General or an alternative agent to accept service of process in New York—Venezuela has declared that this method of service is unavailable. That is because, as Venezuela has acknowledged, it has closed the Consulate General and breached "its contractual promise to maintain its Consulate in New York or an alternate agent to accept service of process." Def.'s Reply in Support of Motion to Vacate Certificate of Default & Dismiss for Lack of Personal Jurisdiction 1, *Lovati*, No. 19-cv-4796-ALC, Dkt. 48.[3]

*Second*, under Section 1608(a)(2), a plaintiff may attempt to serve a copy of the summons and complaint in accordance with an applicable international convention. Venezuela is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which requires each signatory to "establish a central authority to receive requests for service of documents from other countries." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). As courts have recognized, however, "Venezuela has failed to comply with its obligations to receive and transmit service papers under that framework." *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, 2018 WL 6605633, at *3, *5 (D.D.C. Dec. 17, 2018). But in any event, as Venezuela has made clear, "service under the Hague Convention, or by delivery to the Ministry of Foreign Affairs" is unavailable because it "would require the Court to recognize the actions and decrees of the Maduro regime." Venezuela *Lovati* Br. 17.

---

[3]   As for the Oil Obligations at issue, the underlying term sheet provides that service may be made upon CT Corporation System in New York, New York, and Plaintiffs served a copy of the summons and the complaint upon CT Corporation System on August 18, 2023. Dkt. 10.

WILMERHALE

The Honorable Analisa Torres
August 29, 2023
Page 5

*Third*, the FSIA would then require service by mail under Section 1608(a)(3).  But as this Court has recognized, Venezuela expressly objected to service by mail when it acceded to the Hague Convention; as a result, Section 1608(a)(3) "appear[s] to be 'categorically unavailable.'" Order 2, *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18-cv-11940-AT (S.D.N.Y. Apr. 3, 2019), Dkt. 22 (quoting *Azadeh v. Government of Islamic Republic of Iran*, 318 F. Supp. 3d 90, 99 (D.D.C. 2018)).  Moreover, again, Venezuela takes the express position that this method of service is unavailable.  Venezuela *Lovati* Br. 17.

Thus, for the foregoing reasons, Plaintiffs respectfully request that the Court order them to effect service through the U.S. Department of State under Section 1608(a)(4), given the unavailability of the other methods of service prescribed by the FSIA for the Bonds.  Plaintiffs respectfully submit that serving the complaint under Section 1608(a)(4) would place Venezuela on notice as to all claims in this action and would save resources.  This method of service is also consistent with how this Court ordered Plaintiffs to effect service of the complaint on Venezuela in their prior action.  *Altana I*, Dkt. 16.

\*     \*     \*

**WILMERHALE**

The Honorable Analisa Torres
August 29, 2023
Page 6

Plaintiffs do not know if Venezuela is represented by counsel in this matter. Given that we have previously corresponded with Venezuela's counsel in a related case, however, we have copied them on this letter.

Sincerely,

*/s/ David W. Bowker*
David W. Bowker

cc:    Kent A. Yalowitz
       kent.yalowitz@arnoldporter.com

       E. Whitney Debevoise
       whitney.debevoise@arnoldporter.com